# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Timothy Mader

### DEFENDANTS
PO John Does 1-25; PO Jane Does 1-25, City of Philadelphia

**(b)** County of Residence of First Listed Plaintiff  Philadephia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lloyd Long, III, Lawrence Krasner, Brian Collins, Krasner & Long, LLC, 1221 Locust St., Philadelphia, PA 19107, 215-731-9500

Attorneys *(If Known)*
Law Department, City of Philadelphia, 1515 Arch St., 14th FL., Philadelphia, PA 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC §1983
Brief description of cause:
Police Misconduct and Abuse

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE  12-8-14
SIGNATURE OF ATTORNEY OF RECORD  *[signature]* III

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Timothy Mader | : | CIVIL ACTION |
| v. | : | |
| PO John Does 1-25 et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ☐

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ☐

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ☐

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ☐

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ☐

(f) Standard Management – Cases that do not fall into any one of the other tracks. ☑

| | | |
|---|---|---|
| 12/08/2014 | [signature] | Tomothy Mader |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-731-9500 | 215-731-9908 | long@krasnerlong.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: %  Krasner & Long, 1221 Locust St. Philadelphia, PA 19107

Address of Defendant: _____

Place of Accident, Incident or Transaction: Philadelphia County, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Lloyd Long, III , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 12/08/2014   _____(signature)_____   92934
                    Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/08/2014   _____(signature)_____   92934
                    Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY MADER | : |
| | : |
| | : CIVIL ACTION |
| **Plaintiff** | : |
| | : No. #14- |
| v. | : |
| | : |
| | : |
| | : **JURY TRIAL DEMANDED** |
| POLICE OFFICER JOHN DOES 1-25 | : |
| (BADGE Nos. Presently Unknown) | : |
| Individually and as Police Officers | : |
| for the City of Philadelphia; | : |
| | : |
| POLICE OFFICER JANE DOES 1-25 | : |
| (BADGE Nos. Presently Unknown) | : |
| Individually and as Police Officers | : |
| for the City of Philadelphia; | : |
| | : |
| and | : |
| | : |
| CITY OF PHILADELPHIA | : |
| | : |
| **Defendants** | : |

## COMPLAINT

### JURISDICTION

1. Plaintiff brings this action pursuant to 42 United States Code Section 1983. Jurisdiction is based upon 28 United States Code Sections 1331 and 1343 (a) (1), (3), and (4). Plaintiff further invokes supplemental jurisdiction under 28 United States Code Section 1367 (a) to hear and decide claims under state law.

### PARTIES

2. Plaintiff Timothy Mader is an adult male who is and was at all material times a resident of Philadelphia, Pennsylvania.

1

3. Defendant City of Philadelphia is a Municipality of the Commonwealth of Pennsylvania that owns, operates, manages, directs, and controls the City of Philadelphia Police Department, which employed Defendant Police Officers at all times relevant to this action.

4. Upon information and belief, Defendant Police Officers John Doe 1-25 and Jane Doe 1-25 were at all times relevant to this action Officers of the City of Philadelphia Police Department, whose identities are presently unknown but are expected to be determined with reasonable certainty during discovery. Each is being sued in his/her individual capacity and as a Police Officer for the City of Philadelphia. During the course of the incidents described herein, these Defendant Officers were acting under color of state law.

## FACTS

5. On or about March 23, 2013, around 12:40 P.M., Plaintiff Timothy Mader entered the 6th district precinct in Philadelphia, Pennsylvania.

6. Mr. Mader was there to take "b-roll footage" for a documentary. The documentary was a project for the Mayor's office in Philadelphia.

7. Because Mr. Mader did not bring his business cards and did not have a press pass, the officers within the precinct told Mr. Mader that he would not be permitted to take video footage inside the precinct. However, the officers told him that they could not stop him from taking footage outside, as long as he was not interfering with a police investigation.

8. Mr. Mader went outside and began filming shots of police vehicles that were parked in the back of the precinct.

9. Suddenly, two men approached Mr. Mader. The men, Mr. Mader would quickly realize, were plain-clothes police officers though they did not identify themselves as such.

10. John Doe Officer 1 was a muscular, short white man with short red hair and a beard who wore sunglasses and a blue baseball cap with a white capital D on it. John Doe Officer 2 was a tall white man with a shaved head. Both officers looked hostile.

11. When the officers saw Mr. Mader looking in their direction, one yelled out, "What the fuck are you doing?" Mr. Mader responded by identifying himself and explaining that he had been inside the precinct, but the officer cut him off, yelling, "But what the fuck are you doing?"

12. Mr. Mader explained why he was there and gave the officers his driver's license at their request. One of the officers grabbed Mr. Mader's wallet out of his hand and began to rifle through it. Then, the officer proceeded to pat Mr. Mader's person down.

13. Mr. Mader became anxious and began to explain the reason he was taking film in greater detail. He told the officers that he was hired freelance by his friend Hugh Haynie and Mr. Haynei's colleague Jihad Ali. At the mention of the name Jihad Ali, the tone of the situation escalated.

14. The officers told Mr. Mader that he would need to go with them into the police station. John Doe Officer 2 placed Mr. Mader in handcuffs and John Doe Officer 1 aggressively grabbed Mr. Mader by the arm and directed him into the police station.

15. The officers led Mr. Mader to a wooden bench where he remained handcuffed for two hours. The handcuffs were very tight and caused Mr. Mader pain.

16. While Mr. Mader was detained in the police station, police officers, including John Doe 1 and John Doe 2, questioned him about his work with Mr. Ali. Defendant Officers suggested, without any basis, that Mr. Mader was conducting surveillance for terrorists.

17. Defendant Officers claimed to have contacted the FBI and Department of Homeland Security, and relayed to Mr. Mader that someone from the Department of Homeland Security would come to Mr. Mader's home to take a statement. No one ever contacted Mr. Mader for further investigation.

18. Around 3:15 P.M., Mr. Mader was released from the police station, though he was not permitted to leave until after the officers searched his cell phone and Mr. Mader gave Defendant Officers his vehicle registration information.

19. As a direct and proximate result of the defendants' actions, Plaintiff Timothy Mader was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and, in particular, the right to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, and the right to due process of law. Plaintiff was similarly deprived of the right not to be the victim of conspiracies of state actors to violate the aforementioned clearly established rights.

20. The actions and/or inactions of the defendants violated the clearly established federal constitutional rights of the Plaintiffs to freedom from use of excessive, unreasonable, and unjustified force against their person, the right to be free from

malicious prosecution, and the right to due process of law.

21. The actions taken by the Defendants in this matter were taken under color of state law. Those actions are not limited to the aforementioned conduct.

22. As a direct and proximate result of the actions and/or inactions of the Defendants in this matter, Plaintiff suffered loss of liberty, anxiety, fear, mental harm, loss of reputation, and other financial loss.

## COUNT I
### *Battery*
### Supplemental State Law Claim Against Defendant Officers

23. All prior paragraphs are incorporated as though fully set forth herein.

24. Plaintiff was damaged and injured as set forth above by Defendants in that they intentionally acted to cause a harmful and/or offensive contact with Plaintiff's persons and such actions were the actual and proximate cause of Plaintiff's harm.

## COUNT II
### *Unlawful Arrest*
### 42 U.S.C. § 1983 against Defendant Officers

25. All prior paragraphs are incorporated as though fully set forth herein.

26. Plaintiff was damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendants in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. More specifically, Defendants acted with the intent to arrest Plaintiff unlawfully, without probable cause, and against Plaintiff's will, and such actions were the actual and proximate cause of Plaintiff's confinement.

## COUNT III
### *False Imprisonment*
### Supplemental State Law Claim Against Defendant Officers

27. All prior paragraphs are incorporated as though fully set forth herein.

28. Plaintiff was damaged and injured as set forth above by Defendants in that they acted with the intent to confine Plaintiff unlawfully and against Plaintiff's will, and such actions were the actual and proximate cause of Plaintiff's confinement.

## COUNT IV
### *Unjustified Search*
### 42 U.S.C. § 1983 against Defendant Officers

29. All prior paragraphs are incorporated as though fully set forth herein.

30. Plaintiff was damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendants in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. More specifically, Defendant Officers performed a pat down of Plaintiff's body without reasonable suspicion that criminal activity was afoot or that he was armed and dangerous.

## COUNT V
### *Conspiracy*
### 42 U.S.C. § 1983 against Defendant Officers

31. All prior paragraphs are incorporated as though fully set forth herein.

32. Plaintiffs were damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendants in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. More specifically, Defendants, acting in concert and conspiracy, committed acts in violation of the Plaintiff's Constitutional Rights and against the laws of

Pennsylvania. The Defendants acted in conspiracy to violate the Plaintiff's Constitutional Rights as stated in the above paragraphs, and made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct. Such actions were the direct and proximate cause of Plaintiff's harm.

## COUNT VI
*Conspiracy*
**Supplemental State Law Claim Against Defendant Officers**

33. All prior paragraphs are incorporated as though fully set forth herein.

34. Defendants acting in concert and conspiracy, committed acts in violation of the Plaintiff's Constitutional Rights and against the laws of Pennsylvania. The Defendants made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct.

## COUNT VII
*Intentional Infliction of Emotional Distress*
**Supplemental Claim against Defendant Officers**

35. All prior paragraphs are incorporated as though fully set forth herein.

36. Plaintiff was damaged and injured as set forth above by Defendants in that they intentionally and/or recklessly caused Plaintiff severe emotional distress by their extreme and outrageous conduct.

## COUNT VIII
### *Negligent Infliction of Emotional Distress*
### Supplemental Claim against Defendant Officers

37. All prior paragraphs are incorporated as though fully set forth herein.

38. Plaintiff was damaged and injured as set forth above by Defendants in that they negligently caused Plaintiff severe emotional distress by their extreme and outrageous conduct and where Plaintiff's emotional distress resulted in the manifestation of physical symptoms.

## COUNT IX
### 42 U.S.C. Section 1983 against Defendant City of Philadelphia

39. All prior paragraphs are incorporated as though fully set forth herein.

40. Plaintiff was damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendants in that, prior to March 23, 2013, the City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of Plaintiffs' rights.

41. It was the policy and/or custom of the City of Philadelphia to cover-up and avoid detection of improper and illegal police activity, including excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, and infliction of emotional distress.

42. It was the policy and/or custom of the City of Philadelphia to fail to sufficiently supervise against, train and/or re-train against, and discipline against illegal police activity, including but not limited to excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, and

infliction of emotional distress.

43. It was the policy and/or custom of The City of Philadelphia to inadequately supervise and train its Police Officers, including the Defendant Officers, against a code of silence or "blue code" of Officers refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Officers.

44. As a result of the above-described policies and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

## **DAMAGES**

45. All prior paragraphs are incorporated as though fully set forth herein.

46. As a result of the above actions and claims, the Plaintiff demands judgment against all defendants in the amount of all damages, including:

   a. compensatory damages;
   b. punitive damages;
   c. interest;
   d. injunctive relief;
   e. such other relief as appears reasonable and just; and

  f. reasonable attorney fees and costs under 42 U.S.C. § 1988.


_____
Lloyd Long III, Esq.


_____
Elizabeth A. Hoffman, Esq

**KRASNER & LONG, LLC**
**Attorneys for Plaintiffs**
**1221 Locust Street**
**Philadelphia, PA 19107**
**(215) 731-9500 (p)**
**(215) 731-9908 (f)**


Date: 12/8/14

10