IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY MADER | CIVIL ACTION |
| **Plaintiff** | |
| | No. #14-6963 |
| v. | |
| POLICE OFFICER JOSEPH FERRERO (Badge No 9598) Individually and as a Police Officer for the City of Philadelphia; | JURY TRIAL DEMANDED |
| POLICE OFFICER HOWARD HILL (Badge No 2728) Individually and as a Police Officer for the City of Philadelphia; | |
| SEARGENT TIMOTHY DEVLIN (Badge No 286) Individually and as a Police Officer for the City of Philadelphia; | |
| POLICE OFFICER JOHN DOES 1-25 (BADGE Nos. Presently Unknown) Individually and as Police Officers for the City of Philadelphia; | |
| POLICE OFFICER JANE DOES 1-25 (BADGE Nos. Presently Unknown) Individually and as Police Officers for the City of Philadelphia; | |
| and | |
| CITY OF PHILADELPHIA | |
| **Defendants** | |

## FIRST AMENDED COMPLAINT

### JURISDICTION

1. Plaintiff brings this action pursuant to 42 United States Code Section 1983.

Jurisdiction is based upon 28 United States Code Sections 1331 and 1343 (a) (1), (3), and (4). Plaintiff further invokes supplemental jurisdiction under 28 United States Code Section 1367 (a) to hear and decide claims under state law.

## PARTIES

2. Plaintiff Timothy Mader is an adult male who is and was at all material times a resident of Philadelphia, Pennsylvania.

3. Those Defendant Police Officers who are named in the instant complaint were at all times relevant to this action Officers of the City of Philadelphia Police Department. During the events described herein, all of these Defendant Police Officers were acting under color of state law. Each is being sued in his/her individual capacity and as a Police Officer for the City of Philadelphia.

4. Upon information and belief, Defendant Police Officers John Doe 1-25 and Jane Doe 1-25 were at all times relevant to this action Officers of the City of Philadelphia Police Department, whose identities are presently unknown but are expected to be determined with reasonable certainty during discovery. Each is being sued in his/her individual capacity and as a Police Officer for the City of Philadelphia. During the course of the incidents described herein, these Defendant Officers were acting under color of state law.

5. Defendant City of Philadelphia is a Municipality of the Commonwealth of Pennsylvania that owns, operates, manages, directs, and controls the City of Philadelphia Police Department, which employed Defendant Police Officers at all times relevant to this action.

## FACTS

6. On or about March 23, 2013, around 12:40 P.M., Plaintiff Timothy Mader entered the 6th district precinct in Philadelphia, Pennsylvania.

7. Mr. Mader was there to take "b-roll footage" for a documentary. The documentary was a project for the Mayor's office in Philadelphia.

8. Because Mr. Mader did not bring his business cards and did not have a press pass, the officers within the precinct, including Cpl. Cheryl Walker and Officer Julie Carpenter, told Mr. Mader that he would not be permitted to take video footage inside the precinct. However, the officers told him that they could not stop him from taking footage outside, as long as he was not interfering with a police investigation.

9. Mr. Mader went outside and began filming shots of police vehicles that were parked in the back of the precinct.

10. Suddenly, two men approached Mr. Mader. The men, Mr. Mader would quickly realize, were plain-clothes police officers though they did not identify themselves as such. Both men acted in a hostile manner during their initial and subsequent interactions with Mr. Mader.

11. The officers were later identified as Defendants Howard Hill and Joseph Ferrero.

12. When Defendant Officers Hill and Ferrero saw Mr. Mader looking in their direction, one yelled out, "What the fuck are you doing?" Mr. Mader responded by identifying himself and explaining that he had been inside the precinct, but the officer cut him off, yelling, "But what the fuck are you doing?"

13. Mr. Mader explained why he was there and gave the officers his driver's license

at their request. One of the officers grabbed Mr. Mader's wallet out of his hand and began to rifle through it. Then, the officer proceeded to pat Mr. Mader's person down.

14. Mr. Mader became anxious and began to explain the reason he was taking film in greater detail. He told the officers that he was hired freelance by his friend Hugh Haynie and Mr. Haynie's colleague Jihad Ali. At the mention of the name Jihad Ali, the defendant officers' tone toward the situation escalated.

15. The officers told Mr. Mader that he would need to go with them into the police station. One of the officers placed Mr. Mader in handcuffs and the other aggressively grabbed Mr. Mader by the arm and directed him into the police station.

16. The officers led Mr. Mader to a wooden bench where he remained handcuffed for approximately two hours. The handcuffs were very tight and caused Mr. Mader pain.

17. While Mr. Mader was detained in the police station, police, including Defendants Hill, Ferrero, and Sgt. Timothy Devlin, questioned him about his work with Mr. Ali. Defendant Officers suggested, without any basis, that Mr. Mader was conducting surveillance for terrorists.

18. Defendant Officers contacted Philadelphia PD Homeland Security, and relayed to Mr. Mader that someone from the Homeland Security would come to Mr. Mader's home to take a statement. No one ever contacted Mr. Mader for further investigation.

19. Around 3:15 P.M., Mr. Mader was released from the police station, though he was

not permitted to leave until after the officers searched his cell phone and Mr. Mader gave Defendant Officers his vehicle registration information.

20. As a direct and proximate result of the defendants' actions, Plaintiff Timothy Mader was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and, in particular, the right to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, and the right to due process of law. Plaintiff was similarly deprived of the right not to be the victim of conspiracies of state actors to violate the aforementioned clearly established rights.

21. The actions and/or inactions of the defendants violated the clearly established federal constitutional rights of the Plaintiffs to freedom from use of excessive, unreasonable, and unjustified force against their person, the right to be free from malicious prosecution, and the right to due process of law.

22. The actions taken by the Defendants in this matter were taken under color of state law. Those actions are not limited to the aforementioned conduct.

23. As a direct and proximate result of the actions and/or inactions of the Defendants in this matter, Plaintiff suffered loss of liberty, anxiety, fear, mental harm, loss of reputation, and other financial loss.

## COUNT I

### 42 U.S.C. § 1983 against Defendants Officers
*Excessive Force*

24. All prior paragraphs are incorporated as though fully set forth herein.

25. Plaintiff was damaged and injured as set forth above under 42 U.S.C. Section

1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. More specifically, Defendant Officers intentionally acted to cause a harmful and/or offensive contact with Plaintiff's persons and such actions were the actual and proximate cause of Plaintiff's harm.

## COUNT II
*Battery*
**Supplemental State Law Claim Against Defendant Officers**

26. All prior paragraphs are incorporated as though fully set forth herein.

27. Plaintiff was damaged and injured as set forth above by Defendants in that they intentionally acted to cause a harmful and/or offensive contact with Plaintiff's persons and such actions were the actual and proximate cause of Plaintiff's harm.

## COUNT III
*Unlawful Arrest*
**42 U.S.C. § 1983 against Defendant Officers**

28. All prior paragraphs are incorporated as though fully set forth herein.

29. Plaintiff was damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendants in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. More specifically, Defendants acted with the intent to arrest Plaintiff unlawfully, without probable cause, and against Plaintiff's will, and such actions were the actual and proximate cause of Plaintiff's confinement.

## COUNT IV
*False Imprisonment*
**Supplemental State Law Claim Against Defendant Officers**

30. All prior paragraphs are incorporated as though fully set forth herein.

31. Plaintiff was damaged and injured as set forth above by Defendants in that they acted with the intent to confine Plaintiff unlawfully and against Plaintiff's will, and such actions were the actual and proximate cause of Plaintiff's confinement.

## COUNT V
*Unjustified Search*
**42 U.S.C. § 1983 against Defendant Officers**

32. All prior paragraphs are incorporated as though fully set forth herein.

33. Plaintiff was damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendants in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. More specifically, Defendant Officers performed a pat down of Plaintiff's body without reasonable suspicion that criminal activity was afoot or that he was armed and dangerous.

## COUNT VI
*Conspiracy*
**42 U.S.C. § 1983 against Defendant Officers**

34. All prior paragraphs are incorporated as though fully set forth herein.

35. Plaintiffs were damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendants in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. More

specifically, Defendants, acting in concert and conspiracy, committed acts in violation of the Plaintiff's Constitutional Rights and against the laws of Pennsylvania. The Defendants acted in conspiracy to violate the Plaintiff's Constitutional Rights as stated in the above paragraphs, and made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct. Such actions were the direct and proximate cause of Plaintiff's harm.

## COUNT VII
*Conspiracy*
**Supplemental State Law Claim Against Defendant Officers**

36. All prior paragraphs are incorporated as though fully set forth herein.

37. Defendants acting in concert and conspiracy, committed acts in violation of the Plaintiff's Constitutional Rights and against the laws of Pennsylvania. The Defendants made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct.

## COUNT VIII
*Intentional Infliction of Emotional Distress*
**Supplemental Claim against Defendant Officers**

38. All prior paragraphs are incorporated as though fully set forth herein.

39. Plaintiff was damaged and injured as set forth above by Defendants in that they intentionally and/or recklessly caused Plaintiff severe emotional distress by their extreme and outrageous conduct.

## COUNT IX
### *Negligent Infliction of Emotional Distress*
### Supplemental Claim against Defendant Officers

40. All prior paragraphs are incorporated as though fully set forth herein.

41. Plaintiff was damaged and injured as set forth above by Defendants in that they negligently caused Plaintiff severe emotional distress by their extreme and outrageous conduct and where Plaintiff's emotional distress resulted in the manifestation of physical symptoms.

## COUNT X
### 42 U.S.C. Section 1983 against Defendant City of Philadelphia

42. All prior paragraphs are incorporated as though fully set forth herein.

43. Plaintiff was damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendants in that, prior to March 23, 2013, the City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of Plaintiffs' rights.

44. It was the policy and/or custom of the City of Philadelphia to cover-up and avoid detection of improper and illegal police activity, including excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, and infliction of emotional distress.

45. It was the policy and/or custom of the City of Philadelphia to fail to sufficiently supervise against, train and/or re-train against, and discipline against illegal police

activity, including but not limited to excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, and infliction of emotional distress.

46. It was the policy and/or custom of The City of Philadelphia to inadequately supervise and train its Police Officers, including the Defendant Officers, against a code of silence or "blue code" of Officers refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Officers.

47. As a result of the above-described policies and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

## DAMAGES

48. All prior paragraphs are incorporated as though fully set forth herein.

49. As a result of the above actions and claims, the Plaintiff demands judgment against all defendants in the amount of all damages, including:

   a. compensatory damages;

   b. punitive damages;

   c. interest;

   d. injunctive relief;

   e. such other relief as appears reasonable and just; and

  f. reasonable attorney fees and costs under 42 U.S.C. § 1988.


_____
**Lloyd Long III, Esq.**


_____
**Elizabeth A. Hoffman, Esq**

**KRASNER & LONG, LLC**
**Attorneys for Plaintiffs**
**1221 Locust Street**
**Philadelphia, PA 19107**
**(215) 731-9500 (p)**
**(215) 731-9908 (f)**


Date: 2/13/15

11